v. Illinois v. Penny Starks Jr., on behalf of the Iowan, Mr. Ron Safer, on behalf of the people, Mr. Richard Downing. Okay, both sides ready to proceed? Mr. Safer, then you may proceed. May it please the Court, my name is Ron Safer and I represent Penny Starks before the Court this morning. Before I reach the more technical issues involved in this case, I would like to take a step back and consider what the State is asking of this Court in this appeal. This Court has already held that if the jury, hearing the sexual assault counts, had been exposed to all of the evidence, including the DNA evidence, it would likely have found Mr. Starks not guilty of those offenses. That finding compels the same result on the battery counts. There was a single attacker on this scene. A single attacker committed these crimes. The victim so testified there was no evidence of the second attacker. The State always argued there was one attacker. The attacker was the source of the semen found on the scene. Wouldn't that have been a good reason to have included the aggravated battery in the original proceedings rather than argue today that, gee, that would have been a good idea? Yes. And your explanation for that would be? It was not clear from the original petition. Everybody was focused at that time on the sexual assault charges because of the DNA and it was not clearly included in that petition. Then in March of 2006, it was clearly included while the defendant was still incarcerated. And yes, these facts were the same, Justice Jorgensen, no question. But it is nonetheless still compelling that the attacker was the source of the semen. The semen found in the victim's vagina had to have been deposited within 72 hours of the attack and the victim told the police and the State that she had not had sexual relations for weeks before the attack. Mr. Starks indisputably is not the source of that DNA. Thus, Mr. Starks indisputably was not the attacker and did not commit the battery. Thus, the State asked this Court to subscribe to the anomalous result of sustaining a conviction that this Court has already held would likely have never happened if the jury heard all of the evidence. That's a quantum leap, though. We never did hold that. We don't manufacture jurisdiction. We never had jurisdiction over the aggravated battery charge. That's correct. I see your point, but we have not ruled on that. You have not. Your holding compels the conclusion that he was innocent, and that is the point. And thus, not reversing that conviction is simply not justice. First argument, Your Honors, is the mootness argument that has really never been briefed before this Court but was raised by the State propounding the Henderson case. First of all, the State waived this argument as the State Supreme Court has held that this is an issue left for the State to assert. As the Court in Jones found, it would appear from these two Illinois Supreme Court decisions that the appellate court should refrain from considering the issue of timeliness absent a motion to dismiss by the State and a ruling by the trial court. The State did not make this argument below. There was no motion to dismiss, no ruling regarding mootness. Second, even if Your Honors reach this issue, Jones is directly contrary to Henderson and far more persuasive. The State in Jones, revealingly, agreed that Henderson's dismissal of the petition as moot was wrong and not grounded in established Supreme Court precedent. That is logical. The time periods for filing a petition are statutes of limitations, and the initiation of the proceedings is the key time, not the decision. It is, one, logical. Two, dictated by statute. The statute says that a prisoner, quote, may institute a proceedings, end quote. It does not say may maintain or may pursue or continue to maintain. It is to be judged at the time of the initiation of the proceedings. Third, it is dictated by precedent. As the Jones Court held, its decision rested on firm Illinois Supreme Court precedent. Indeed, the court, the Henderson Court, is directly contrary to the Illinois Supreme Court's finding in People v. Davis. Davis was not incarcerated at the time the cause was heard. If Your Honors felt that this would moot, there are certainly collateral consequences that are exception to mootness that are terribly compelling in this case. Indeed, Mr. Starks is still in jeopardy on the sexual assault cases. Those cases have, those charges have not been dismissed. The danger is not hypothetical. The state has said to the trial court that they intend to admit the aggravated battery case as evidence of Mr. Starks' guilt of the sexual assault. That is heinous, but that is what they've said they are going to do. How are we supposed to take notice of that? It is in the record, Your Honor. They have said it to the court. Can you give us a citation to that? This issue, Your Honors, is absolutely brand new. It was never raised, and so we did not address the collateral consequences. But I can provide, Your Honors, the record citation where the state expressly told the trial judge that they intended to use this conviction to prove guilt in the sexual assault cases. And as I said, the reason we did not is the state never raised this issue. On the next issue of standing, Mr. Starks was imprisoned for the acts that were committed in a single episode when he filed his petition. Which petition are you referring to? The 2006 petition. The state takes a hyper-technical reading of the statute to avoid that conclusion. The statute is remedial, and the Supreme Court has said that it should be liberally construed to afford a convicted person an opportunity to present constitutional claims. These were concurrent sentences. You cannot unbundle a concurrent sentence. It was, you cannot say, and indeed the court, the sentencing court, said at sentencing that these crimes represented a, quote, continuous course of conduct with one victim, end quote. Those, as opposed to consecutive sentences, which are more challenging for the petitioners, because there you do know that a sentence has expired, whereas in a consecutive sentence, you do not. As the court in PAC points out, consecutive sentences are treated distinctly under Illinois law. But concurrent sentences are the same. Of course, that makes sense. You don't know when the concurrent sentence is running. Is it running at the beginning? Is it running at the middle? Is it running at the end? Your client didn't volunteer to do his aggravated battery sentence after the others were reversed, so we could generally assume that he had completed that sentence at some point prior to that? You can assume now that that's the case, yes. You couldn't assume that, Your Honor, at the time of sentencing. That's your position? Yes. And indeed, the federal law is explicit about this. Title, as we cited in our brief, Title 18 U.S.C. 3584, says concurrent sentences are treated as a single sentence. That is in accordance with the way they are treated in Illinois. Consecutive sentences, different. If the court looks at one other factor, it becomes very easy. It is undisputed that incarceration includes mandatory supervised release. That could only happen, the mandatory supervised release, on the battery count after the defendant is released on all charges. It could only happen after he is released at the end of the sentence. And thus, he is still in custody, incarcerated for the purposes of this statute, until he has served his entire sentence. The Tennessee Supreme Court, as we cited, to Your Honors, has held directly on this point. And that is the argument on standing. With regard to successive petitions, again, that issue was waived by the state at the trial level. This was specifically before Judge Stark on May 17th and May 30th of 2006. And again, Justice Jordan, I'm referring to the March 2006 petition. Judge Stark stated on May 7th, quote, if I don't rule on it, then we automatically go to the second stage, end quote. Now, I'll discuss the significance of that statement in a moment. But at that point, the state said none. Had it raised the issue then, the successive petition issue then, Mr. Starks could have made the explicit request for leave to file a successive petition, and the court could have addressed the issue at that time. They did not. They waived the issue. Well, isn't the, at first stage, it's for the court to decide whether or not there's a meritorious issue. The state cannot participate in that process. But with this, absolutely correct. But what the state could say is, no, Judge, the 90 days has not run. What they needed to say was that the 90 days has not run. The clock has not started yet. Is that, in essence, a motion to dismiss, which is appropriate at the second stage? It is not. I do not believe it is. Do you have any authority that supports your position? I do not have direct authority that addresses when they should raise this issue. Clearly. There's nothing that precludes the state from filing a motion to not allow the filing, because they did not do it as a request. Exactly. Exactly right. Regardless of what stage we're in. Exactly. They could have done it at any time. They could have raised, they could have filed the motion. They could have raised the issue. The issue was not raised. On the contrary, it was assumed by all parties that once 90 days passed, we went to the second stage. And the state did nothing to indicate that it had any position to the contrary. And, Justice Jorinten, at the passage of 90 days, the state clearly, based on what Judge Stark said, would have filed a motion, needed to file a motion to dismiss, if they wanted to raise this issue. And they did not. Are you saying that in the second stage, the proceedings, they could have, but they didn't raise any motion or objection? Yes, exactly, Your Honor. They also waived the argument that when pursuing successive petitions based on actual innocence, must request leave to be filed before this court. They conceded in their appellate brief that no such request need be filed. Now, in the interim, the law has been clarified. And the Supreme Court has ruled that that leave must be granted by word or deed. But that argument has been waived before this court. Even if, Your Honors, do not find waiver, Judge Stark clearly granted leave to file through his words. As I stated, he said, if I don't rule on it, then we automatically go to the second stage. As the state notes, the petition is not deemed filed unless leave is given. Judge Stark, the state, and Mr. Starks all believed this petition was filed. And the people in the Illinois Supreme Court in People v. Tisdale said that actions of the court, even in the absence of a specific request or a specific ruling, actions of the court permitting the conduct or action equals leave of the court. Clearly, Judge Stark said that, look, leave has been granted. Once 90 days passes, you go on to the second stage. And that takes care of the successive petitions of argument. Thank you. Any other questions? Questions? Do you wish to argue? Please. Mr. Newman, you may proceed when you're ready. May it please the court, counsel. Your Honor, the first issue is not actual innocence or the Jones v. Henderson. We only get to that if this court finds that defendant did or did not have standing. The primary issue is whether or not defendant had standing when he filed the 2006 and then the 2007 supplement to the 2006 petition. Did the state ever raise standing as an issue? The people never raised standing. At any point? At any point as far as I can tell on the record. So how is it not a waiver? Well, basically, the case law says that he, let's make it clear, the 2006 petition was, did not in any way, I mean, I'm sorry, but with all due respect to the defendant, did not in any way reference that conviction. The 2006 petition basically was not only successive but cumulative. It raised new DNA evidence, which the defendant had discovered, according to the record, or at least according to the defendant's suggestion in their supplemental record, December of 2005. It basically said, here's additional evidence, additional DNA evidence relating to the ad crim sexual assault. It wasn't until 2007, well after the alleged ambiguous statements of Judge Stark that the, and after the decision of this court and this court's denial of defendant's request for rehearing, saying that ADBAT wasn't in front of this court, that defendant filed a supplemental petition. Saying for the first time, OK, well, oops, ADBAT is now at issue. So the question is, should the people have raised the issue of standing? I don't know the answer to that. Normally, standing is an affirmative matter that needs to be raised by the opposing party. It's not usually raised by the court sua sponte, so. Part of the problem in this case, Your Honor, is specifically, I honestly don't recall the exact time frame when Judge Stark turned over to Judge Phillips. It's clear from the record that Judge Phillips suggested that he wasn't even aware that there was a PC petition that had been filed. And if we're looking at the burden of filing a successive petition, the burden is on the defendant, not the people, to suggest that we need leave to file a successive petition. They have to raise it specifically to the court, and they have to then argue also all of the affirmative facts. So they don't do that, but they file this petition, and the court addresses it as if there's a petition before him. Acknowledging that there's a petition before him, saying, if I don't move on this in 90 days, we automatically go to stage two. And I think it was at that point that he assigned it to Judge Phillips, correct? So regardless of whether he asks leave, regardless of whether he does that, if the court treats it as if there's a petition before him and the state stands mute or the state somehow talks about it and participates in it, aren't they basically waiving any objection to standing? Well, if you look at the Tisdale ruling, it doesn't say that if the judge addresses and says, OK, you filed something. It says that the way of implicitly is if you have to make a ruling on the case, not saying, OK, you filed a document. If you look at the full recitation of what Judge Stark said, he goes, you know what, I don't even know how to handle this. I don't know what to do with this. It appears that it's potentially moot. And again, let's understand that 06 petition was still only referencing the sexual assault charges. Then the language is, OK, well, it arguably proceeds automatically. The people really couldn't at that first stage. Should they then, if after 90 days, proceed it? Well, when you look at the case law, the case law says if you don't ask for leave to file, it's never officially filed. So is the language of Judge Stark alone that, well, if I let this sit for 90 days, then it advances to the second stage? Is that enough to implicate the Tisdale line of cases that say you need an affirmative ruling? How about that in conjunction with the state standing there and nobody saying, hey, wait a minute, Judge, you don't have standing, or filing a motion saying we object because he has no standing? Has anything like that ever done? Of course not. I mean, that's clear for the record. And how. So it's kind of an analogous to a revestment, which we have to address. I don't know if at first stage you can revest, and certainly neither side briefed that. I don't know if at first stage you can revest by standing silent. But at first stage, you could certainly file a motion saying they don't even have standing to file. Couldn't you, as a state, for the people? I don't know the answer. I haven't seen a single case on that point. What prevents you from filing it at the second stage as a means by which it's dismissed at the second stage? I'm sorry, Your Honor? I said, what prevented the state from doing it at the second stage? Well, the state's position is it never went to second stage. So, again, if it went to second stage, then the burden shifts to the state. The state would say it never went to second stage. If it never went to second stage, then how did the court raise the issue of standing without the matter being raised by an opposing party? Because standing is supposed to be an affirmative defense. It's not normally raised sua sponte by the trier or the trial court. So, you know, how many hats was this guy wearing? The judge? Yes. It sure seems like he's making rulings that are made in the first stage or the second stage. But which stage is he in? Apparently, he's in both stages. I don't think he made any. I'm sorry to interrupt, Judge. I know it's. I don't think it ever reached second stage. I don't think he was making any second stage decision. I think what he was doing. It went from Stark to Phillips. And by the time it was dismissed, it was Phillips that dismissed it. Yes. No question. So, was it within the 90 days? Obviously not. No. So, it had to be in second stage. It had to be in second stage if it was implicitly properly filed. And, again, people suggest that they didn't request leave. And that argument was never waived. The fact is that even under the case that the defendants requested to cite Edwards, it says even in cases of actual innocence, you still need to request leave. Edwards just relates to the burden of proof of the standard for actual innocence claims. It has nothing to suggest that you don't still need to request leave. And, again, I think it's important if we're talking about waiver or a question of not bringing it to the attention of the judge. The fact is that the 06 petition, as I said, not only did it never refer to the Agbat claim. The fact is that from even the 07 petition, which for the first time referred to Agbat. So, is that a supplement or is that a third successive petition? And there was certainly no implication that the third petition or the, again, I'm calling it third now, but the supplemental petition was ever submitted. There certainly was nothing requested by defendants. Certainly no trial judge made any comment relating to the supplemental petition. But the fact is clear that Judge Phillips, when he was finally asked to make a determination on that, said, I wasn't even aware of it. I mean, so it was not just the state that made no reference. Let's make it clear. A defendant made no reference and didn't intend to implicate the Agbat conviction pretty much at any point. So, if I understand your argument in relation to appellate counsel's representation, that this aggravated battery is going to be used in the retrial on the sexual assault case, that the defendant is foreclosed from attempting to vacate or collaterally attack the conviction, and even though a logical analysis would indicate that there is a paradox or a contradiction insofar as the evidence that was presented that would indicate that he is at least not guilty, whether or not he's innocent is something else again, how do you reconcile the concept of the public policy that there's supposed to be some relief wherein it would seem in this particular factual scenario the state has taken the position that it will be allowed to prosecute the defendant over again about a transaction that he's already been found guilty of insofar as a battery is concerned, but which he is attempting to attack based upon prior attacks that were successful and would indicate that he is innocent, but he is not going to be allowed to present evidence that would also exonerate him of this crime, which is now going to be used to try him in a retrial of the prior alleged crime or the addition, alternative one? Your Honor, I guess I can answer that two ways. First, I think so. Two ways? Why not three? I'll try, but at least two. The first, and again, it's not in the record, and I can't really, I mean, I'm uncomfortable going off the record. Contrary to defense, the people have no intention of retrying the defendant. The people did not pursue a PLA from this Court's earlier decision. It probably would have been necessary to raise additional claims. People have no intention, and I will make that representation even though it is off the record, in pursuing any charges related to the sexual assault period. I can supplement the record with an affidavit from the Lake County State's attorney if that's necessary. But again, so there is no intent. Secondly, more importantly, the courts have addressed the issue of the liberal construction of standing and whether or not collateral consequences are relevant. In People v. Carrera, the court said even the United States Supreme Court decision, Padilla v. Kentucky, which said that the consequence, the collateral consequence of deportation, which is important enough to allow the defendants to come in under other circumstances, is not sufficient to say that the individual is imprisoned under the Act. That Padilla specifically doesn't allow collateral consequences are not what the Act contemplates. That gets us to some extent, even though I would suggest that the standing issue is the primary issue, the issue of Henderson v. Jones. Henderson is the much better reasoned decision. Why? Because Jones relies basically on the 1986 decision in People v. Davis. The Court does have, and again, the people will concede, that the language in Davis Can you explain why the state confessed error essentially at Jones relative to Henderson? I can add, Your Honor, I have no clue. It's not, it's the first district and obviously it's the only district that the appellate prosecutors, you know, don't relate to. I wasn't aware of Jones until early this morning when I received this Court's notice that we were to consider Jones. I did not have an opportunity, and of course that would be, once again, way off the record. But Jones just is illogical. Jones basically relies on the 1986 case of Davis, which is the only case that I've been able to find in Illinois that does make a reference to the concept of maybe, under some circumstances, without explaining further, the Act may be used to purge a defendant's criminal record. And the only citation that I could see that would support that is, well, there are some other states whose Acts allow that. But we know that our state doesn't. The 1986 case of Martin Tregona, which was almost the exact same time frame, says the exact opposite. It says you can't use the Act to purge a criminal. What about Pack? Pack was a case where they were discreet, and they used the word discreet, consecutive sentences. The state's argument was, they're discreet, therefore they can't be the same sentence. And the court said, even though they're discreet, they still relate to some prejudice being imposed upon the defendant. So if even discreet sentences are subject to review under this procedure, why would nondiscreet, aggregate, concurrent sentences be covered under this situation? Because the ruling in Pack was not based on the definition of discreet or nondiscreet. The ruling in Pack was based on the concept that if you impacted one sentence, it would affect the out date for the second. And that's why consecutive sentence is different than concurrent. If you release or, if you vacate one sentence, you get out earlier. That's exactly the opposite. Yes, but the state was arguing that they were discreet, and therefore he shouldn't be allowed to be appealing this one. And they said, no, the fact that they're discreet doesn't affect it. Essentially, you're taking the converse of the antithesis of the argument that you made or the state made previously. The state makes the argument that when they're discreet, they're not covered. And the court said, yeah, they're discreet, but they're still covered. Now, does that mean that we're supposed to assume that nondiscreet and aggregate and concurrent sentences are discreet? Or are we to assume that there's some third category that isn't covered by the post-conviction procedure? Again, Your Honor, I didn't brief or think or evaluate the issue of discreet versus nondiscreet. Why? Because the holding said what is impacted is the liberty interest. That's because it was about discreet instances. It wasn't about the impact of aggregate concurrent. In that, no, in that case, it was because the impacting one sentence was going to allow an earlier release date. It doesn't happen here. He will not be – he served his full term. He did? Was there any MSR attached? Even assuming for argument's sake that there's MSR attached, even assuming that he received no good time credit, even assuming that he received no time served, all of which I think probably are not likely, he would have fully served the sentence of five years and received an 86. Five years would be 91, even if you attach parole, which obviously at the time would have been – So he served it fully in 94. But the only way – In order to come up with this syllogism, you have to make a concurrent sentence discreet. Because when you say that he served his five-year sentence but he hasn't served his 30-year sentence, you have now made a distinction based upon a discreet characterization of those two sentences. They were entered on the same date, were they not, on the same document. Indeed. So you, in the process of claiming that they are not covered or that he has no standing, is based upon an argument that they're discreet. Your Honor, I didn't consider the – again, the discreet versus non-discreet. I would, though, strongly suggest defendant would be up there not only pounding the podium, but would be a lot more upset and a lot more justifiably upset if we were to try to pull him in now and say, okay, it's non-discreet, it's – you really – your concurrent sentence of ag bat, we've now determined you're going to serve from years 21 through – or if it's 26 through 30. So we're now going to bring you in and you're now serving your concurrent sentence. Other than the Tennessee court where I don't – again – The problem with that argument is, from what I gather, he's not serving an additional sentence because the additional sentence has been essentially vacated by the prior ruling, even though there's still the jeopardy that attaches, and it may be reinstated or a lesser sentence might be reinstated if he was convicted anew. But this is all speculation at this juncture, is it not? Well, it's speculation whether or not he'll be tried again. Although it's speculation as to whether or not he's going to be brought in and forced to serve five additional years because he didn't serve it up front or whether he's going to have to come in and serve MSR that he didn't serve under the criminal sexual assault, which he should have served if – I don't think it's speculative. I've never seen a single case in Illinois that that defendant or this court could suggest that that has ever been done. I suggest strongly that this court would be up in arms as would defendant if we attempted to do so. I certainly don't want to suggest to Lake County that they be the test case to do that. Do you wish to reply? Yes. I'd like to start by clarifying the timing of this. On March 1st, 2006, the 2006 petition was filed. That petition was on new evidence of the vaginal swab. I will tell you that at that time, no one, none of the parties believed that the petition applied to anything but all of the charges. At that time – Did he address the aggravated battery in the 2006 petition? It was similar to 2002. It addressed – and they believed all of the charges. And what would that belief be based on? I think that's the point of the question. Does the word aggravated and battery ever appear in the 2006 petition? I don't believe they do. I believe they neither – or I'm not sure. I would have to look at the petition, Your Honor. I don't know which is attached to our brief. But it applied to all charges. I mean, the arguments applied to all charges. The appellate decision came down on March 23rd, 2006, and it said, gee, we view this as only the sexual assault charges. On May 17th and May 30th, Judge Starr, as I've discussed, raised this issue. And said that if I don't rule on it, it's going to go to the second stage. The case was – the mandate was issued from the appellate court on January 16th, 2007. And on January 26th, 2007, the supplement was filed saying – just clarifying, nothing more – that all of this, the 2006 petition, applies to all charges, including the aggravated battery. And nobody, again, said anything to the contrary. Now, Judge Starr was still on the case. And he was on the case for another nine months, way after the 90 days attached. And Mr. Starr was on bond and clearly still incarcerated. Judge Starr did not reassign the case. You said he was on bond and he was incarcerated? Oh, I'm sorry. Incarcerated as it's used in the statute, though he's still constrained.  Thank you, Your Honor, because that was misstated. He was unincarcerated, but under the statute, it's constrained. Yeah. On October 9th, 2007, Judge Starr reassigned the case to Judge Phillips. And this was well past the 90 days? Well past the 90 days. Nobody ever raised the standing issue until Judge Phillips raised it by himself at clearly the second stage. It is silly for the state to argue that it had not reached the second stage. That is how this came up. Otherwise, it wouldn't have come up. Judge Phillips clearly at that time raised it sui exponde without anybody having raised it. The issue was waived by the state below. The issue is waived again on successive petitions was waived in this court. And the state's assertion to the contrary is just not so. On page 11 of their brief, they say the defendant also argues that he need not have had leave granted to file a successive petition because the cause and prejudice test does not apply to freestanding claims of innocence. Defendant argues they made such a claim in both petition, 2006 petition and the 2007 supplement. The people will demonstrate that while defendant does correctly state the general law, the defendant's argument and analysis are both legally and factually incorrect. They waived the argument before this court that we needed to get permission for the second petition, for the 2006 petition. Nobody has ever raised, ever, except for the argument that was just made that the 2006 petition did not address aggravated battery. This is the first time they ever said that. They didn't say that in their brief before this court. They didn't say that below. They said it for the first time in oral argument today. And again, that argument is waived. Justice McLaren's question makes patently clear the injustice that you are asked to give your imprimatur to. It shouldn't be done. It is catching somebody in the switches. It is saying that you are going to remain convicted of a crime that we all know you would have been not guilty, found not guilty of. This court should not do that. Thank you.